SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
A Professional Corporation
    Debra R. Puebla, #126934
    dpuebla@spcclaw.com
    Ray Tamaddon, #144494
    rtamaddon@spcclaw.com
    Wendy E. Schultz, #150720
    wschultz@spcclaw.com
515 South Figueroa Street, Suite 1470
Los Angeles, California 90071-3331
Tel: (213) 996-4200, Fax: (213) 892-8322

Attorneys for ZURICH AMERICAN
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| THE LAW OFFICE OF ROBERT B. JOBE, P.C., ROBERT BRADFORD JOBE, <br><br>         Plaintiff, <br><br> vs. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br>         Defendant. | Case No. 4:24-cv-06325-YGR <br><br> The Hon. Yvonne Gonzalez Rogers <br><br> **DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [Filed concurrently with Declaration of Adam Fazio and Exhibit A and Proposed Order] <br><br> Date:  **December 3, 2024** <br> Time: **2:00 p.m.** <br> Place: **Courtroom 1 – 4th Floor** <br><br> Action Filed September 9, 2024 |

Case No. 4:24-cv-06325-YGR

DEFENDANT ZURICH AMERICAN INS. CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on December 3, 2024 at 2:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled court in Courtroom 1, 4th Floor, located at Oakland Federal District Courthouse, 1301 Clay Street, Oakland, California, defendant Zurich American Insurance Company ("Defendant") will move the Court for an order granting judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) to dismiss the Complaint For Declaratory Judgment ("Complaint") of plaintiffs The Law Office of Robert B. Jobe and Robert Bradford Jobe (collectively, "Plaintiffs"), including the sole cause of action therein for declaratory judgment. The motion is based on the grounds that Defendant is entitled to a judgment in its favor as a matter of law because Plaintiffs' requested declaratory judgment is barred by the express terms of the insurance policy granting Defendant the right to select defense counsel and requiring Plaintiffs to satisfy the policy's self-insured retention prior to Defendant's payment of defense costs.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, Declaration of Adam Fazio and Exhibit A, all records, papers, pleadings, and documents contained in the Court's file in this action, together with such oral arguments or other evidence as may be permitted by the Court.

DATED:  October 28, 2024

SINNOTT, PUEBLA,
CAMPAGNE & CURET, APLC


By:  _____/s/ *Ray Tamaddon*_____
RAY TAMADDON
Attorneys for ZURICH AMERICAN
INSURANCE COMPANY

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

2

Case No. 4:24-cv-06325-YGR
DEFENDANT ZURICH AMERICAN INS. CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON
THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

<u>**TABLE OF CONTENTS**</u>

**Page**

I.  INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................... 1

    A.  Plaintiffs' Allegations .............................................................................. 1

    B.  Insurance Policy ...................................................................................... 3

III. LEGAL STANDARD UNDER FRCP 12(c) ...................................................... 6

IV. LEGAL ARGUMENT ........................................................................................ 8

    A.  Incorporation by Reference Doctrine Permits Defendant to Rely on the Policy Plaintiffs Neglected to Attach to the Complaint ...................... 8

    B.  Under California Insurance Policy Interpretation Rules, Defendant Has the Right to Assign Defense Counsel and Plaintiffs Must Satisfy the $100,000 SIR before Defendant's Duty to Defend is Triggered ............. 9

        1.  An Insurance Policy's Language Must Be Interpreted in its Plain and Ordinary Sense .................................................................. 9

        2.  Defendant Has No Duty to Pay Defense Costs until Plaintiffs Satisfy the Policy's $100,000 SIR ..................................................... 11

        3.  Defendant Has the Right to Assign Defense Counsel Even within the Policy's SIR ....................................................................... 12

    C.  In the Absence of a Genuine Controversy, the Complaint's Sole Cause of Action for Declaratory Judgment Has no Merit ...................................... 14

V.  CONCLUSION .................................................................................................. 15

**SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC**
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

i

Case No. 4:24-cv-06325-YGR

DEFENDANT ZURICH AMERICAN INS. CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF AUTHORITIES

**Page**

## CASES

*Aetna Life Ins. Co. v. Haworth*
    300 U.S. 227 (1937) ........................................................................................ 14

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .......................................................................................... 7

*Balistreri v. Pacifica Police Dep't.*
    901 F.2d 696 (9th Cir. 1990) ........................................................................... 7

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) .......................................................................................... 7

*Bilbrey by Bilbrey v. Brown*
    738 F.2d 1462 (9th Cir.1984) ........................................................................ 14

*Brookfield Property Group, LLC v. Liberty Mutual Fire Insurance Co.*
    679 F.Supp.3d 971 (C.D. Cal. 2023) ............................................................ 14

*Cahill v. Liberty Mutual Ins. Co.*
    80 F.3d 336 (9th Cir. 1996) ............................................................................. 7

*Carolina Cas. Ins. Co. v. Bolling, Walter & Gawthrop*
    2005 WL 1367096 (E.D. Cal. 2005) ............................................................ 13

*Chavez v. United States*
    683 F.3d 1102 (9th Cir. 2012) ......................................................................... 7

*Coto Settlement v. Eisenberg*
    593 F.3d 1031 (9th Cir. 2010) ......................................................................... 8

*Dworkin v. Hustler Magazine, Inc.*
    867 F.2d 1188 (9th Cir. 1989) ......................................................................... 7

*Feldman v. Massachusetts Mutual Life Insurance Company*
    2023 WL 2799740, * 1, fn.1 (C.D.Cal. 2023) ................................................ 8

*Forecast Homes, Inc. v. Steadfast Ins. Co.*
    181 Cal.App.4th 1466 (2010) ........................................................................ 10

*General Star Indem. Co. v. Sup.Ct. (Hard Rock Cafe America, L.P.)*, 47
    Cal.App.4th 1586 (1996) ................................................................... 10, 11, 13

*Global Master International Group, Inc. v. Esmond Natural, Inc.*
    76 F.4th 1266 (9th Cir. 2023) .......................................................................... 9

*Hartford Acc. & Indem. Co. v. Sequoia Ins. Co.*
    211 Cal.App.3d 1285 (1989) ........................................................................... 9

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL. (213) 996-4200 • FAX (213) 892-8322

*Heil Co. v. Evanston Ins. Co.*
    2009 WL 596001, * 2 (E.D. Tenn 2009)..................................................... 13

*Humboldt Bank v. Gulf Ins. Co.*
    323 F.Supp. 2d 1027 (N.D. Cal. 2004)....................................................... 9

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*
    312 U.S. 270 (1941) .................................................................................. 14

*McKee v. State Farm Fire & Cas. Co.*
    145 Cal.App.3d 772 (1983) ......................................................................... 9

*Moss v. United States Secret Service*
    572 F.3d 962 (9th Cir. 2009) ....................................................................... 7

*Principal Life Ins. Co. v. Robinson*
    394 F.3d 665 (9th Cir. 2005) ..................................................................... 14

*Spindle v. Chubb/Pacific Indem. Grp.*
    89 Cal.App.3d 706 (1979) ......................................................................... 13

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001) ....................................................................... 7

*TRB Invs., Inc. v. Fireman's Fund Ins. Co.*
    40 Cal.4th 19 (2006) ................................................................................... 9

*Ventress v. Japan Airlines*
    486 F.3d 1111 (9th Cir. 2007) ..................................................................... 6

*Wiemann v. Industrial Underwriters Ins. Co.*
    177 Cal.App.3d 38 (1986) ......................................................................... 11

**STATUTES**

California Civil Code §1639.................................................................................. 9

**FEDERAL STATUTES**

Federal Rule Civil Procedure Rule 12(c) ........................................................ 6, 7

**OTHER AUTHORITIES**

Croskey et al., Cal. Prac. Guide: Insurance Litigation (the Rutter Group 2024), §
    7:384 ............................................................................................... 10, 14

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

Case No. 4:24-cv-06325-YGR
DEFENDANT ZURICH AMERICAN INS. CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON
THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This is a declaratory judgment insurance coverage action in which plaintiffs, The Law Office of Robert B. Jobe and Robert Bradford Jobe (collectively, "Plaintiffs"), seek a declaration that defendant Zurich American Insurance Company ("Defendant") owes them certain duties with respect to the defense of an underlying state court employment action. Specifically, Plaintiffs allege that Defendant has a duty to advance and pay all defense costs incurred in connection with the defense of the underlying action despite Plaintiffs' admitted failure to satisfy the policy's defense self-insured retention ("SIR") amount of $100,000. Plaintiffs' erroneously reason that somehow the policy's SIR is abrogated because Defendant exercised its express right under the policy to assign defense counsel.

Plaintiffs' stated position runs directly afoul of the policy language that expressly conditions Defendant's payment of any defense or indemnity costs on Plaintiffs' satisfaction of the policy's $100,000 SIR. Under well-settled California policy interpretation rules, words in an insurance policy are to be read in their plain and ordinary sense, and interpretation of policy terms cannot be based on a strained, instead of reasonable, interpretation of its plain meaning. Here, in face of unambiguous policy language conditioning Defendant's obligations under the policy on Plaintiffs' satisfaction of the SIR, Plaintiffs' contrived interpretation fails out of the gate.

Defendant seeks judgment in its favor because in the absence of an actual controversy regarding application of the SIR, the Complaint's sole cause of action for declaratory judgment fails. Accordingly, Defendant respectfully requests that the Court grant judgment in its favor.

## II. FACTUAL BACKGROUND

### A. Plaintiffs' Allegations

In their Complaint, Plaintiffs allege a single cause of action against Zurich for Declaratory Judgment regarding Zurich's duty to defend under Zurich Employment Practices Liability policy number EPL 6541325-14, effective August 1, 2023 to August 1,

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

2024, ("Policy") issued to ADP Total Source, Inc. ("ADP"). Complaint, ECF No. 1, ¶¶ 1, 9. Specifically, Plaintiffs seek a declaration that Zurich has a duty to defend Plaintiffs and the obligation to pay their "first dollar" defense costs in an underlying state court employment-related action, captioned *Kudrat Chaudhary v. Law Office of Robert B. Jobe and Robert B. Jobe*, San Francisco County Superior Court Case No. CGC-24-611596 ("Underlying Action"). *Id.* at ¶ 2. In the Underlying Action, the plaintiff seeks damages against Plaintiffs for (a) discriminatory termination and harassment on the basis of race and national origin in violation of the Fair Employment and Housing Act and related causes of action, and (b) failure to pay overtime wages and related causes of action in violation of the California law. *Id.* at ¶ 19.

Plaintiffs allege that under the Policy, they are insured parties as a "PEO Client Company." *Id.* at ¶¶ 9, 13. They acknowledge that "Zurich has no mandatory duty to defend under the Policy until such time as the SIR is satisfied," and that Plaintiffs are "self-insured up until that point." *Id.* at ¶ 15. Plaintiffs also agree that "the Policy puts no temporal restriction on Zurich's ***right*** to defend, which exists from the moment the Policy is issued. That is, until such time as the SIR is satisfied, Zurich has ***the right, but not the duty***, to defend." *Id.* at 1, ¶ 16 (emphasis added).

However, according to Plaintiffs, "[t]o the extent that, prior to the exhaustion of the SIR, Zurich opts to exercise its right to defend its Insureds under the Policy, including its right to select counsel and otherwise to control that defense, Zurich, by definition, assumes the duty to defend, which duty includes the duty to advance defense costs." *Id.* at ¶ 17. Plaintiffs allege that "[i]n exercising its right to defend under the Policy by assigning Gordon Rees to the defense of the [underlying] *Chaudhary* action and by otherwise taking control of that defense, Zurich assumed its duty to defend Jobe and the Jobe Firm in respect of that action." *Id.* at ¶ 25.

Plaintiffs allege that "on May 31, 2024, Gordon Rees sent Jobe the first of four monthly invoices for legal fees incurred in connection with its defense of the *Chaudhary* action." *Id.* at ¶ 31. Plaintiffs allege that "[o]n August 13, 2024, Zurich informed Jobe that

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL. (213) 996-4200 • FAX (213) 892-8322

it would not be advancing 'first dollar' defense costs by paying Gordon Rees' invoices and that Plaintiffs were obligated to pay those costs until the SIR was exhausted." *Id.* at ¶ 32. According to Plaintiffs, Zurich reiterated on September 3, 2024 "that it had no obligation to pay any defense costs in the *Chaudhary* action until such time as the SIR was exhausted." *Id.* at ¶ 33.

According to Plaintiffs, Gordon Rees informed them on August 29, 2024 that it will no longer "act in a representative capacity." *Id.* at ¶ 34. Plaintiffs allege that on September 6, 2024, Zurich informed Plaintiffs of its intent to assign the defense of the Underlying Action to another firm "'conditioned on the insured abiding by all of the insurance policy's conditions, including but not limited to, the $100k [$100,000] Self Insured Retention on defense costs,' which it insisted 'is the insured's responsibility.'" *Id.* at ¶ 37.

Based on the foregoing allegations, Plaintiffs seek the following declarations: Zurich "(a) assumed the duty to defend the *Chaudhary* action, commencing on January 29, 2024, and has a continuing duty to defend that action, and (b) that, as part of its duty to defend, Zurich had and has a duty to advance and pay any and all defense costs incurred in connection with the defense of the *Chaudhary* action." *Id.* at ¶ 41. "Plaintiffs further seek a declaration from this Court that, in failing and refusing to advance those defense costs, Zurich has breached its duty to defend the *Chaudhary* action." *Id.* at ¶ 42.

### B. <u>Insurance Policy</u>

The Policy generally provides PEO (professional employer organization) employment practices liability coverage for the named insured, ADP, and its client companies, such as Plaintiffs. According to the Policy's Declaration, Coverage Part C governs client company coverage in California. Policy, p. 5, attached as Exh. A to Declaration of Adam Fazio. The Policy's other pertinent terms and provisions are as follows:

### II. INSURING AGREEMENT

### A. INDEMNITY

**1.** Subject to all of the terms, limitations, conditions, definitions, exclusions and other provisions of this policy, **we** will pay all **Loss Amounts** that the **Insured** is legally obligated to pay because of an **Insured Event** to

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

DEFENDANT ZURICH AMERICAN INS. CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL. (213) 996-4200 • FAX (213) 892-8322

which this insurance applies. The amount we will pay is limited as described in Item 3 of the Declarations and in the Sections of this policy dealing with **LIMITS OF INSURANCE, DEFENSE, SELF-INSURED RETENTION** and **OTHER INSURANCE**.

**2.**      Subject to the other provisions of this policy, it is agreed that coverage only applies to Claims first made against any Insured during the Policy Period. Coverage is provided for a PEO Client Company Claim only if:

\*      \*      \*

**f.**      The **PEO Client Company** has paid, or caused to be paid, all **Loss Amounts** within the Self-Insured Retention. <u>If the **PEO Client Company** fails to pay all or any portion of **Loss Amounts** within the Self-Insured Retention for any reason, we will have no obligations under the policy to provide the coverage outlined in paragraph II.A.1. above or under any other coverage to which the Self-Insured Retention applies.</u>

\*      \*      \*

**5.**      **We** have the right to <u>investigate</u> and settle up to the applicable Limits of Insurance any **Claim** in the manner and to the extent **we**, in **our** sole discretion, deem proper subject to the provisions outlined in Section II. B. 2 d., provided the **Named Insured** is notified of such settlement. Upon receipt by us of <u>notice</u> of circumstances which are likely to give rise to a **Claim**, **we** also have the right (but not the duty) to investigate and make such a settlement even before a **Claim** is made.

Policy, Section II.A.1 and 2.f., and 5 pp. 40-41 (underling added).

**B.      DEFENSE**

We have the right and duty to defend any **Claim** because of an **Insured Event** to which this insurance applies made or brought against any **Insured(s)**. **We** shall have <u>the right and duty</u> to assign defense counsel.

\*      \*      \*

(2)      For any other **Claim** covered under this policy and for which no Legal Defense Benefit is offered to any **Insured**, we shall select and assign defense counsel other than Jackson Lewis.

(3)      However, for <u>any **Claim**</u>, if an **Insured** refuses to accept, or refuses to cooperate in the assignment of, defense counsel assigned by the **Insurer** in accordance with the provisions of this policy, <u>the **Insurer** shall have no duty to defend that **Claim**</u>, will not pay any **Loss** arising from same, including but not limited to **Defense Costs**, and will not apply any amounts incurred by the **Insured** to the applicable Retention obligation for that **Claim**. …

(4)      Even if the Insurer has no duty to defend or indemnify pursuant to Subsection II. B.1.b.(3). for a particular Insured, the Insurer shall have the right and shall be given the opportunity to make any investigation it deems

1    necessary.

2    *Id*. at Section II.B., pp. 41-42 (underling added).

3    The Policy provides that the duty to defend is contingent upon the PEO Client

4    Company paying the defense costs within the Policy's SIR:

5    **f.**    Our duties under this policy, including but not limited to the duty to
     defend, are <u>contingent upon the **PEO Client Company** paying, or causing</u>
6    <u>to be paid, **Defense Costs** within the **Self-Insured Retention**</u> as required in
     the Section of this Policy dealing with **Self-Insured Retention**. If for any
7    reason the **PEO Client Company** fails to pay all or any portion of **Defense
     Costs** within the Self-Insured Retention, we will have no further or
8    continuing duty to defend under this policy, we will have no obligation to
     pay any other **Loss Amounts** under this policy, and we will have the right to
9    withdraw from any defense earlier provided.

10   *Id*. at Section II.B.f., p. 43 (underling added).

11   The "Section of this Policy dealing with Self-Insured Retention," referenced above

12   provides:

13   **VIII.  SELF-INSURED RETENTION**

14   **A.**    Our obligation under the coverage provided by this policy to pay **Loss
     Amounts** on behalf of any **Insured** shall apply only to **Loss Amounts** in
15   excess of the Self-Insured Retention as stated in the Declarations and subject
     to the Limits of Insurance stated in the policy. The terms of this policy with
16   respect to **our** rights and duties relative to investigation, settlement and duty
     to defend apply in excess of the application of the **Insured's** Self-Insured
17   Retention, subject to the provisions outlined in Section II.B.

18   *Id*. at Section VIII.A., p. 49.

19   The Policy is subject to an SIR amount of $100,000:

20   The Self-Insured Retention amount is as follows: $100,000 per Claim for
     settlement or judgments and $100,000 per Claim for Defense Costs.

21

22   *Id*. at Section VIII.B., p. 49.

23   The Policy contains the following pertinent definitions:

24   **A.    Claim** means a PEO Client Company Claim

25   **B.    Defense Costs** means those reasonable and necessary expenses that
     result from the investigation, settlement, defense of a specific Claim,
26   including attorney fees and expenses, the cost of legal, administrative, or
     alternative dispute resolution proceedings, the cost of appeal bonds, the cost
27   of bonds to release property being used to secure a legal obligation (but only
     for bond amounts within the Limit of Insurance that applies(we have no
28   obligation to furnish such bonds), all reasonable expenses that any Insured

**Sinnott, Puebla, Campagne & Curet, APLC**
515 South Figueroa Street, Suite 1470
Los Angeles, California 90071-3331
Tel (213) 996-4200 • Fax (213) 892-8322

incurs at our request while helping us investigate or defend a Claim and, subject to Section II, C of this policy, all costs taxed against any Insured in a suit. …

\*       \*       \*

**D.    Insured Event** means (1) your Worksite Employee or former Worksite Employee, or an applicant for employment with you, alleging Discrimination by an Insured, or (2) your Worksite Employee or former Worksite Employee alleging Sexual Harassment by an Insured, or (3) your former Worksite Employee alleging Wrongful Termination by an Insured, or (4) your Worksite Employee or former Worksite Employee or an applicant for employment with you alleging Workplace Torts by an Insured. Alleging means lodging an oral or written complaint or charge with your management or Supervisory Employee(s) or with your corporate legal or human resource departments. Supervisory Employee means an officer or director of a PEO Client Company, the Named Insured or any Employee of an Insured who has authority to supervise the performance of other Employees of an Insured.

**E.    Loss Amount** means all forms of compensatory damages, monetary damages, statutory damages, multiplied damages, punitive or exemplary damages, judgments, settlements, statutory attorney fees, and **Defense Costs** arising out of Claim(s) alleging **Discrimination, Sexual Harassment, Wrongful Termination, or Workplace Torts**. …

\*       \*       \*

**I.    PEO Client Company** means an entity that has entered into a **Client Services Agreement** with the **Named Insured**, thus becoming a client of the **Named Insured** and the worksite employer of the **Worksite Employee(s)**.

**J.    PEO Client Company Claim** means a written demand or notice received by an **Insured** alleging an **Insured Event** in which damages likely to be covered by this policy are alleged. **Claim** includes a civil action, an administrative proceeding, alternative dispute resolution proceeding, or an action brought by a person or entity acting on behalf of a **Worksite Employee(s)**, or applicant(s) for employment as a **Worksite Employee(s)** or former **Worksite Employee(s)** to which you must submit or to which you submit with our consent. …

*Id*. at Section VII, pp. 46-48.

### III.   <u>LEGAL STANDARD UNDER FRCP 12(c)</u>

FRCP Rule 12(c) provides: "After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007). Because the motions are functionally identical, the same

**SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC**
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

DEFENDANT ZURICH AMERICAN INS. CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

standard of review applicable to a Rule 12(b)(6) motion to dismiss applies to a Rule 12(c) motion for judgment on the pleadings. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Like a motion to dismiss, a motion for judgment on the pleadings incorporates the standard requiring "plausibility" of allegations as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Chavez v. United States*, 683 F.3d 1102, 1108-1109 (9th Cir. 2012). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). With respect to the "plausibility" requirement, a motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly, supra*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, supra*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Properly pleaded allegations of material fact are accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-8 (9th Cir. 1996). The Court need not, however, accept as true generic legal conclusions, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Iqbal, supra*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Twombly, supra*, 550 U.S. at 555 (on motion to dismiss, court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal, supra*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

1    1949).

2    **IV.    LEGAL ARGUMENT**

3    **A.    Incorporation by Reference Doctrine Permits Defendant to Rely on the**

4    **Policy Plaintiffs Neglected to Attach to the Complaint**

5    Plaintiffs purport to attach the Policy as Exhibit 1 to the Complaint, but did not.

6    Compl., ¶ 9, ECF No. 1. But, this does not mean that the Court cannot consider it in ruling

7    on this motion.

8    If documents are not actually attached to the complaint, the court may still consider

9    them in connection with a motion to dismiss "in situations where the complaint necessarily

10   relies upon a document or the contents of the document are alleged in a complaint, the

11   document's authenticity is not in question and there are no disputed issues as to the

12   document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

13   *See e.g., Feldman v. Massachusetts Mutual Life Insurance Company*, 2023 WL 2799740, *

14   1, fn.1 (C.D.Cal. 2023) ("Here, [in ruling on a motion for judgment on the pleadings] the

15   Court finds that Exhibit A attached to Defendant's answer, the Policy, is suitable for

16   incorporation by reference, since the complaint refers to the policy, the policy is central to

17   Plaintiff's claim, and Plaintiff has not questioned its authenticity.")

18   The doctrine of incorporation by reference explained in *Coto Settlement* and applied

19   to an insurance policy in *Feldman, supra*, also applies here. The Complaint here alleges a

20   single cause of action for Declaratory Judgment that is entirely predicated on the Policy.

21   Plaintiffs expressly cite to the Policy, quote portions thereof and rely on it to assert their

22   claim. Further, Plaintiffs purport to attach it as Exhibit 1 to the Complaint, but fail to do so.

23   Consideration of the Policy language will be required to resolve the claim. There is no

24   challenge to the Policy's authenticity and there are no disputed issues regarding its

25   relevance. As such, the Court should consider the Policy, attached as Exhibit A to the

26   Declaration of Adam Fazio, to resolve this motion.

27   / / /

28   / / /

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL. (213) 996-4200 • FAX (213) 892-8322

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL. (213) 996-4200 • FAX (213) 892-8322

**B.**     <u>Under California Insurance Policy Interpretation Rules, Defendant Has the Right to Assign Defense Counsel and Plaintiffs Must Satisfy the $100,000 SIR before Defendant's Duty to Defend is Triggered</u>

Defendant has no current obligation to Plaintiffs under the Policy because, as Plaintiffs admit in their Complaint, Defendant has the right to assign defense counsel but no duty to defend until Plaintiffs satisfy the Policy's $100,000 SIR. This result is compelled by the Policy's clear and explicit language that must be applied under California insurance policy interpretation rules.

**1.**     **An Insurance Policy's Language Must Be Interpreted in its Plain and Ordinary Sense**

The "[c]onstruction of an insurance policy is governed by state law." *Humboldt Bank v. Gulf Ins. Co.*, 323 F.Supp. 2d 1027, 1032 (N.D. Cal. 2004). Under California law, "[i]nterpretation of an insurance policy is a question of law and follows the general rules of contract interpretation." *TRB Invs., Inc. v. Fireman's Fund Ins. Co.*, 40 Cal.4th 19, 27 (2006) (internal quotation marks omitted). "Words in an insurance policy are to be read in their plain and ordinary sense," and "ambiguity cannot be based on a strained instead of reasonable interpretation of a policy's terms." *McKee v. State Farm Fire & Cas. Co.*, 145 Cal.App.3d 772, 776 (1983) (cleaned up). "Policies of insurance, like other contracts, must be read as a whole with each part being read in conjunction with other portions thereof." *Hartford Acc. & Indem. Co. v. Sequoia Ins. Co.*, 211 Cal.App.3d 1285, 1298 (1989) (internal quotation marks omitted). "[W]hen the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself." *Global Master International Group, Inc. v. Esmond Natural, Inc.*, 76 F.4th 1266, 1275 (9th Cir. 2023, California law) (internal quotation marks omitted). If the policy's meaning can be ascertained from the plain language of the contract itself, the inquiry ends there. Cal. Civ. Code §1639 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . .")

In an insurance policy, the term "retention" (or "retained limit") refers to a specific

sum or percentage of loss that is the insured's initial responsibility and must be satisfied before there is any coverage under the policy. It is often referred to as a "self-insured retention" or "SIR." *Forecast Homes, Inc. v. Steadfast Ins. Co.*, 181 Cal.App.4th 1466, 1474 (2010). *See also*, Croskey et al., Cal. Prac. Guide: Insurance Litigation (the Rutter Group 2024), § 7:384. "[W]hen A policy containing a *self-insured retention (SIR) expressly precludes* a duty to defend until the insured has actually paid the retention, …the insurer is treated as an excess insurer and has no duty to defend until the SIR has been exhausted by defense expenses or settlements." Croskey, *supra* at § 7:680 (citing *General Star Indem. Co. v. Sup.Ct. (Hard Rock Cafe America, L.P.)*, 47 Cal.App.4th 1586, 1593 (1996).)

In *General Star*, *supra*, the California court of appeal, interpreting the application of a policy's SIR, stated that "[t]he issue is controlled by the rather clear language of the policy." *Id*. at 1588. The SIR endorsement in the policy provided that the insurer General Star "shall have the right but not the duty to assume charge of the defense and/or settlement of any claim or 'suit' brought against [the insured Hard Rock]." *Id*. at 1591 (italics omitted.) The SIR endorsement form also provided that the duty to defend was "reinstated" only in the event that the "aggregate Retained Limit" is exhausted. *Id*.

The court of appeal in *General Star* reversed the trial court's ruling that was predicated on the "erroneous finding that General Star had a duty to defend. On the facts presented by Hard Rock, which include the provisions of the policy in issue, General Star had no duty to defend." *Id*. at 1592.  The court reasoned:

> The terms of General Star's policy are plain. The SIR form provides a space for entry of the "Retained Limit" for each occurrence. This space was filled in with $100,000 for each occurrence. The form also contains a space for entry of an aggregate limit, if that is part of the contract. The form says "Aggregate, if applicable." This space was left blank. Hence, an aggregate limit was not part of the policy. The trial court apparently concluded in some manner, perhaps influenced by Hard Rock's misstatements and omissions, that since there was no aggregate limit, there was no SIR, but instead a duty to defend and indemnify with a deductible. Nothing in the policy or the record supports such a conclusion.

*Id*. at 1593. According to the court, the SIR endorsement, which by its express terms controls, effectively transforms the policy from a primary policy into an excess policy

1  covering only amounts in excess of the $100,000 self-insured retention. *Id*. (citing *Wiemann*

2  *v. Industrial Underwriters Ins. Co.*, 177 Cal.App.3d 38, 41 (1986) (policy containing self-

3  insured retention endorsement with Retained Limit provides excess insurance).) The court

4  also noted, as here, "General Star has '***the right but not the duty*** to assume charge of the

5  defense.'" *Id*. at 1594 (emphasis added).

6        Based on the foregoing policy interpretation rules and application of the SIR,

7  Defendant next addresses its rights and duties under the Policy here.

8        **2.    Defendant Has No Duty to Pay Defense Costs until Plaintiffs Satisfy**

9            **the Policy's $100,000 SIR**

10        As in *General Star*, the policy language here is clear. It provides that Defendant's

11  obligations are "contingent upon" Plaintiffs' payment of the SIR:

12        **f.**    Our duties under this policy, <u>including but not limited to the duty to</u>
        <u>defend, are contingent upon</u> the **PEO Client Company** paying, or causing

13        to be paid, **Defense Costs** within the **Self-Insured Retention** as required in
        the Section of this Policy dealing with **Self-Insured Retention**. If for any

14        reason the **PEO Client Company** fails to pay all or any portion of **Defense
        Costs** within the **Self-Insured Retention**, we will have no further or

15        continuing duty to defend under this policy, we will have no obligation to
        pay any other Loss Amounts under this policy, and we will have the right to

16        withdraw from any defense earlier provided.

17  Policy at Section II.B.f., p. 43 (underlining added; all other bolded text in original). The

18  "Section of this Policy dealing with **Self-Insured Retention**," referenced above is equally

19  clear:

20        **VIII.   SELF-INSURED RETENTION**

21        **A.**    Our obligation under the coverage provided by this policy to pay **Loss
        Amounts** on behalf of any **Insured** shall apply only to **Loss Amounts** in

22        excess of the Self-Insured Retention as stated in the Declarations and subject
        to the Limits of Insurance stated in the policy. The terms of this policy with

23        respect to **our** rights and duties relative to investigation, settlement and duty
        to defend apply in excess of the application of the **Insured's** Self-Insured

24        Retention, subject to the provisions outlined in Section II.B.

25  Policy at Section VIII.A., p. 49 (underlining added). "**Loss Amounts**" is defined to expressly

26  include "**defense costs**." Section VII, Definition E, p. 47. As the Policy makes clear, "The

27  Self-Insured Retention amount is as follows: $100,000 per **Claim** for settlement or

28  judgments and <u>$100,000 per **Claim** for **Defense Costs**</u>." VIII.B., p. 49 (underlining added).

Case No. 4:24-cv-06325-YGR

DEFENDANT ZURICH AMERICAN INS. CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON
THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

As alleged in the Complaint, Zurich exercised its *right* to assign defense counsel Gordon Rees to defend the Underlying Action. Complaint, ECF No. 1, ¶ 24. Consistent with Plaintiffs' obligations under the Policy to pay the first $100,000 in defense costs, Gordon Rees sent its invoices to Plaintiffs. *Id.* at ¶ 31. As Plaintiffs allege, Zurich advised Plaintiffs that it would not be advancing "first dollar" defense costs by paying Gordon Rees' invoices and that "Plaintiffs were obligated to pay those costs until the SIR was exhausted." *Id.* at ¶ 32.

Based upon Plaintiffs' own allegations, Defendant has acted consistently with its rights and duties under the Policy. Because Defendant has acted within its rights under the Policy as a matter of law, Plaintiffs cannot advance a cognizable cause of action or seek a request for declaratory judgment alleged in paragraph 41 of their Complaint. Accordingly, judgment should be issued in favor of Defendant.

### 3. Defendant Has the Right to Assign Defense Counsel Even within the Policy's SIR

Plaintiffs attempt to engineer a *duty* to defend *within the SIR* based on Defendant's assignment of defense counsel to defend the Underlying Action. Plaintiffs' attempts fall flat, however, because the Policy explicitly grants Defendant the *right* to defend and assign counsel at any time for any claim while expressly not burdening it with the *duty* to defend until exhaustion of the SIR. The Policy provides:

**B.    DEFENSE**

We have the right and duty to defend any **Claim** because of an **Insured Event** to which this insurance applies made or brought against any **Insured(s)**. <u>We shall have the right and duty to assign defense counsel</u>.

Policy, Section II.B., pp. 41-42 (underlining added).

The Policy makes clear that this right applies regardless of whether Defendant initially has the duty to defend:

(3)    <u>However</u>, for <u>any</u> **Claim**, if an **Insured** refuses to accept, or refuses to cooperate in the assignment of, defense counsel assigned by the **Insurer** in accordance with the provisions of this policy, the **Insurer** shall have no duty to defend that **Claim**, will not pay any **Loss** arising from same, including but not limited to **Defense Costs**, and will not apply any amounts

Case No. 4:24-cv-06325-YGR

DEFENDANT ZURICH AMERICAN INS. CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

1
2

incurred by the **Insured** to the applicable Retention obligation for that **Claim**. …

3    Policy, Section II.B., p. 42 (underlining added). This is consistent with Defendant's "right

4    (but not the duty) to investigate and make such a settlement <u>even before a Claim is made</u>."

5    *Id*. at II.A.5, p. 41 (underlining added).

6        Contrary to Plaintiffs' allegation in the Complaint (¶ 30, ECF No. 1), nothing in the

7    Policy imposes on Defendant the ***duty*** to defend when it exercises its right to assign defense

8    counsel. No case or policy interpretation concept supports Plaintiffs' attempt to penalize

9    Defendant for exercising its right to defend within the policy's SIR. *See, e.g., Heil Co. v.*

10   *Evanston Ins. Co*., 2009 WL 596001, * 2 (E.D. Tenn 2009) ("Until the $500,000 was

11   exhausted, [insurer] Evanston had no duty to defend Heil, ***although it reserved a right to***

12   ***assume charge of the defense***." (Emphasis added, citing to *General Star, supra*).)

13       The foregoing policy provisions are consistent with the "well known fact that under

14   insurance policies generally the insurer controls the defense it provides the insured." *Spindle*

15   *v. Chubb/Pacific Indem. Grp.,* 89 Cal.App.3d 706, 714  (1979). In *Carolina Cas. Ins. Co. v.*

16   *Bolling, Walter & Gawthrop*, 2005 WL 1367096 (E.D. Cal. 2005) (California law), the court

17   held that even though the "Policy does not expressly state that [the insurer] has a right to

18   select defense counsel, the right to control the defense generally includes the right to select

19   defense counsel." *Id*. at * 7. "A contrary rule would be inconsistent with the insurer's right

20   to control the defense and would place the insurer in the untenable position of being

21   financially liable, but powerless to ensure the claim is properly defended." *Id*.

22       Here, the Policy expressly provides Defendant with the right to assign defense

23   counsel for any claim at any time. While Defendant may not be responsible for the first

24   $100,000 incurred in defense costs, it still has a stake in the case once the SIR is exhausted.

25   As such, the Policy's express provision affording Defendant the right to select defense

26   counsel from the inception make sense and is consonant with the recognition in California

27   that an insurer that is ultimately responsible for the defense and indemnity costs has the right

28   to control the defense. As such, Plaintiffs' attempt to conflate Defendant's right and duty to

**SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC**
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

DEFENDANT ZURICH AMERICAN INS. CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

1    defend within the SIR should be rejected.

2    **C.    In the Absence of a Genuine Controversy, the Complaint's Sole Cause of**

3    **Action for Declaratory Judgment Has no Merit**

4           Judgment should be rendered in favor of Defendant because the Complaint's sole

5    cause of action for declaratory judgment lacks merit in the absence of an actual, justiciable

6    controversy. Declaratory judgment actions are justiciable if "there is a substantial

7    controversy, between parties having adverse legal interests, of sufficient immediacy and

8    reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific*

9    *Coal & Oil Co.*, 312 U.S. 270, 273 (1941). "Where there is such a concrete case admitting

10   of an immediate and definitive determination of the legal rights of the parties in an adversary

11   proceeding upon the facts alleged, the judicial function may be appropriately exercised

12   although the adjudication of the rights of the litigants may not require the award of process

13   or the payment of damages." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937).

14   Thus, declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in

15   clarifying and settling the legal relations in issue, and (2) when it will terminate and afford

16   relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."

17   *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir.1984) (quoting E. Borchard,

18   Declaratory Judgments 299 (2d ed. 1941)). Thus, "***an actual case or controversy***" is an

19   essential element.  *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005)

20   (emphasis added). *See also*, *Brookfield Property Group, LLC v. Liberty Mutual Fire*

21   *Insurance Co.,* 679 F.Supp.3d 971, 979 (C.D. Cal. 2023) ("since Starr does not assert a case

22   or controversy under the Liberty Mutual Insurance Policy, the court lacks subject matter

23   jurisdiction as to Plaintiffs' declaratory relief claim."); Croskey, *supra* at §15:201("existence

24   of an alleged controversy" is an "essential allegation" for a declaratory relief suit regarding

25   insurance coverage).

26          The foregoing conditions are not met here. Other than Plaintiffs' purely-

27   manufactured issue regarding the SIR, there is no actual case or controversy. The Policy

28   language is clear -- Plaintiffs' meritless grievances notwithstanding -- that Defendant owes

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

14

no duty to pay "first dollar" defense costs. Accordingly, Defendant respectfully requests for judgment in its favor.

**V.    CONCLUSION**

Plaintiffs allege a single cause of action for declaratory judgment. Under both federal procedure and California substantive law, an action for declaratory judgment requires an "actual case or controversy." No such controversy exists here because under the Policy's plain and clear language, Defendant has the ***right*** to assign defense counsel to defend the Underlying Action, but has ***no duty*** to pay for such defense counsel until Plaintiffs satisfy the $100,000 SIR. Plaintiffs do not allege that they have satisfied this SIR. Because Plaintiffs have failed to assert an actual controversy, Defendant respectfully requests that the Court issue judgment in favor of Defendant.

DATED:  October 28, 2024

SINNOTT, PUEBLA,
CAMPAGNE & CURET, APLC


By:  _____/s/ Ray Tamaddon_____
RAY TAMADDON
Attorneys for ZURICH AMERICAN
INSURANCE COMPANY

DEFENDANT ZURICH AMERICAN INS. CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON
THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL. (213) 996-4200 • FAX (213) 892-8322

## PROOF OF SERVICE

**STATE OF , COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of .  My business address is 515 South Figueroa Street, Suite 1470, Los Angeles, CA 90071-3331.

On October 28, 2024, I served true copies of the following document(s) described as **DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☒      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 28, 2024, at Los Angeles, California.

_Rose Hernandez_

_____
Rose Hernandez

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL. (213) 996-4200 • FAX (213) 892-8322

Case No. 4:24-cv-06325-YGR

DEFENDANT ZURICH AMERICAN INS. CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

**SERVICE LIST**

Robert B. Jobe, Esq.
LAW OFFICE OF ROBERT B. JOBE
100 Bush Street, Suite 1300
San Francisco, CA 94104
Tel.: 415-956-5513
Email: bob@jobelaw.com

Case No. 4:24-cv-06325-YGR

DEFENDANT ZURICH AMERICAN INS. CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL. (213) 996-4200 • FAX (213) 892-8322